MARY W. TIMMERMAN, Respondent, *v.* MARY ANN O'NEILL, Appellant.

*Deed — construction of, determined as a fact.*

The owners of land abutting upon a street were authorized by statute to extend the lines of their lots into the street sixteen and a half feet. In an action involving the question as to whether deeds executed by an abutting owner were to be governed by the original lines of the street, or by the lines of the street as narrowed, conflicting evidence as to whether such owner had

complied with the statute authorizing the extension of the lots, and as to whether the sales were based upon the narrowed street, or upon the original line, and as to what the grantor's intent was when the deeds were executed, in view of all facts and circumstances, presents questions of fact for the trial court.

APPEAL by the defendant, Mary Ann O'Neill, from a judgment of the Superior Court of Buffalo in favor of the plaintiff, entered in the office of the clerk of said court on the 11th day of November, 1891, upon the decision of the court rendered after a trial at a Trial Term thereof before the court without a jury.

Action to recover for the possession of a piece of land in the city of Buffalo beginning on Sixth street on the southwest line of Sixth street, at a point fifty-eight and one-half feet south of York street, running thence southwesterly and at right angles with Sixth street one hundred and ten feet; and thence at right angles with the last mentioned boundary and parallel with Sixth street, twenty-eight feet; thence at right angles to Sixth street, one hundred and ten feet to the southwesterly line of Sixth street; thence northwesterly along Sixth street twenty-eight feet to the place of beginning.

The court found as conclusions of law, viz.: " That the plaintiff is the owner in fee simple absolute and entitled to the immediate possession of the premises described in the complaint  *  *  * now in the possession of the defendant," with costs.   Exceptions were filed to the findings of the court.

*Seward A. Simons,* for the appellant.

*George J. Lewis,* for the respondent.

HARDIN, P. J. :

Undoubtedly York street as laid out was originally six rods wide. The controversy in the case in hand arises over the question whether that street has been reduced in width to four rods.

By chapter 209 of the Laws of 1829 the owners and occupants of certain lands in the village of Black Rock, lying south of Pennsylvania street and west of Eighth or Niagara street, were authorized, with the consent of the commissioners of highways of the town of Buffalo, to extend the lines of their lots, when they are bounded upon a street leading from Niagara street to the Erie canal " sixteen

and an half feet into such street, so that the streets south of Pennsylvania street, and leading from Niagara street to the Erie canal in the said village, shall be contracted from their present width of one hundred feet to a width of sixty-seven feet, and the lots lying upon each side of the streets so contracted in width shall extend to and be bounded upon the lines of the said streets respectively, so altered."

The 2d section of that act provided that the lots should not be so extended " until the owners shall have purchased of the State the lands to be added thereto, and the Commissioners of the Land Office are authorized and directed to cause the same to be appraised at a fair valuation and convey to the several owners the title and interest of the State therein."

It appears that section 2 of the act was repealed by chapter 741 of the Laws of 1869.

In 1850, by chapter 116 of the laws of that year, the Legislature further provided by statute that " the owners and occupants of any lots, or parts of lots, lying within the south village of Black Rock, southeasterly of New Hampshire street, as known and designated upon the surveys, maps and records of the Commissioners of the Land Office, which lots, or parts of lots, front upon any streets that cross Niagara street (formerly Eighth) at a right angle, may, by and with the consent of the common council of the city of Buffalo, in respect to such lots as may lie within the bounds of the city of Buffalo, and by and with the consent of the board of trustees of the village of Black Rock, in respect to such lots as may lie within the village of Black Rock, extend the lines of their said lots, or parts of lots, fronting as aforesaid, sixteen and a half feet towards the center of such streets crossing Niagara street as aforesaid, so that such streets shall be contracted from their present width of ninety-nine feet to a width of sixty-six feet; and the lots lying upon each side of said streets so contracted in width shall extend to, and be bounded upon, the lines of said streets respectively, so altered, but it shall not be lawful to place or erect any building within forty-five feet of the center of Georgia street, between Niagara and Chippewa streets." In the 2d section of that statute it was provided, viz.: " The lines of said lots shall not be so extended until the owners of the same shall have purchased of the State the lands to be added thereto,

and the Commissioners of the Land Office are authorized and directed to cause the same to be appraised at a fair valuation, and to convey to the several owners of said lots, or parts of lots, the title and interest of the State therein."

It appears that section 2 of the last-mentioned chapter was repealed by an act of the Legislature passed in 1869, and known as chapter 741 of that year.

The 3d section of the last-mentioned statute provided as follows : " The rights and interests of the people of this State to and in so much of the streets known and distinguished on the surveys, maps and records of the Commissioners of the Land Office, relating to the south village of Black Rock, which cross Niagara (or Eighth) street at a right angle, as lie more than thirty-three feet from the center of such streets, are hereby released to the present owners of lots fronting thereon   *   *   *."

It seems by the evidence that Col. Blossom, in 1853, and prior thereto, was the owner of a portion of block known as No. 113, which was bounded by York street and by Sixth street, and that he subdivided his ownership into lots, and that he contracted to sell one of the lots, to wit, the lot owned by the defendant, and subsequently he contracted to sell the lot now owned by the plaintiff. The deed of the plaintiff's lot was given in 1856, and the deed of the defendant's lot was given in 1859. Considerable evidence was given at the trial tending to show that, in pursuance of the statute, York street had been narrowed to the width of four rods, and that Blossom had taken proceedings to acquire a portion of York street as it was originally laid, and had availed himself of the provisions of the statute to which reference has been made. On the other hand, considerable evidence was given by the defendant tending to dispute the evidence offered by the plaintiff, and a question of fact arose for the determination of the trial court in respect to whether the sales made by Blossom were based upon the narrowed street, or upon the original line as it was laid as a six-rod street. We think the trial court was called upon, in view of all the facts, circumstances and evidence furnished in respect to the intention of Blossom in making sales, to determine, as matter of fact, whether the language which he used in making the description of the two parcels contracted by him to be sold were framed with reference to the

boundary of the street after it was narrowed to a four-rod street. While there is a conflict in the evidence, and while many facts and circumstances tend to support the contention of the defendant, we are of the opinion that the evidence given in behalf of the plaintiff, and the facts and circumstances disclosed therein, tend to support the conclusion reached by the trial court, and that the findings of fact made by the trial court are supported by evidence, and ought not to be disturbed. There is not such a preponderance of testimony in behalf of the defendant as warrants us in interfering with the conclusions stated by the trial court in his findings of fact. Upon the findings of fact made by him his conclusion of law is correct. We are of the opinion that his decision should be sustained.

The judgment should be affirmed, with costs.

All concurred, except WARD, J., not sitting.

Judgment affirmed, with costs.