## LEVEY v. DENNETT.

### (Supreme Court, Appellate Term.   January 23, 1899.)

APPEAL—SETTLEMENT OF CASE—DISCRETION—HARMLESS ERROR—RECORD.
  Whether the trial judge abused his discretion, to appellant's prejudice, in allowing to be struck from the case on appeal an offer of evidence to discredit testimony, cannot be considered, where the papers on which the judge acted are not before the court, and the record does not show whether the testimony sought to be discredited was material.

Appeal from city court of New York, general term.

Action by Laurie L. Levey against Alfred W. Dennett. There was a judgment for plaintiff, and from an order of the general term of the city court (54 N. Y. Supp. 584), affirming an order denying defendant's motion to resettle the case on appeal, defendant appeals. Dismissed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Warren S. Burt (A. I. Sire, of counsel), for appellant.
Dittenhoefer, Gerber & James, for respondent.

GILDERSLEEVE, J.   Upon the settlement of the case on appeal herein, the trial judge allowed an amendment striking out from the case on appeal, as proposed by the defendant, the following, viz.:

"Second cross interrogatory: When did you assign the claim alleged in the complaint to the plaintiff? A. I think it was in December, 1896, but am not certain. Third cross interrogatory: What was the consideration of the said assignment? Was any actual valuable consideration given for said claim by the plaintiff? (Objected to as immaterial, the assignment being in writing. Objection sustained.) Defendant's attorney: I offer this for the purpose of showing that Mr. Roessle is an interested witness, and the jury are to take that into consideration in determining the credibility that should be given to his testimony that was allowed to-day. (Objection sustained. Exception.) Fourth cross interrogatory: If you answer 'Yes' to the last question, state what consideration was given, and how much was its value, and how paid. (Objected to on the same ground. Objection sustained.)"

The defendant thereupon obtained an order to show cause why the case on appeal should not be resettled, and the extract above quoted left in the case. The motion was argued and denied, from which decision and the order entered thereon defendant appealed to the general term, where the order was affirmed, and thence the defendant appealed to this court.

It appears from the order of the special term that the motion was made upon the affidavit of defendant's attorney, the order to show cause, the proposed case on appeal, the proposed amendments, and the stenographer's minutes, on behalf of the defendant, while in opposition to the motion was the affidavit of the plaintiff's attorney. The papers

on appeal presented to this court, however, contained neither the proposed case, nor the proposed amendments, nor the stenographer's minutes. A trial judge has considerable discretion in settling a case on appeal; and whether the discretion has been abused, to the extent of inflicting material prejudice upon the party complaining, cannot be determined in the absence of the papers upon which the special term acted at the time of granting the order appealed from. See Niles v. Railroad Co., 13 App. Div. 551, 43 N. Y. Supp. 734. From the papers before us, we have no means of judging whether or not Roessle had testified as to any material fact in the case, or whether his evidence was of any importance. We cannot say whether or not the defendant was prejudiced in any material way by the striking out of the evidence in question. The evidence was alleged to have been offered to show that Roessle was an interested witness; but, if his testimony was unimportant, defendant cannot be said to have been prejudiced by the decision of the special term in excluding the evidence in question from the case on appeal.

We are of opinion that, owing to the insufficiency of the papers presented, the appeal must be dismissed, with costs to the plaintiff. All concur.